UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| JOAN B. HAMILTON, | ) Civil Action No.: 5:17-cv-2735-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **ORDER** |
| | ) |
| KIMBRELL'S OF SOUTH CAROLINA, | ) |
| INC., d/b/a KIMBRELL'S, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

This is an employment discrimination action. Plaintiff alleges that Defendant discriminated and retaliated against her because of her race in violation of 42 U.S.C. § 1981. She also alleges state law causes of action for breach of contract, breach of contract with fraudulent intent, and defamation. Presently before the court are Defendant's Motion to Compel Plaintiff's Attendance at Deposition and to Produce Initial Disclosures (ECF No. 19), Defendant's Supplemental Motion to Compel and for Extension of Time to Respond to Plaintiff's Discovery Requests (ECF No. 26), and Plaintiff's Motion to Compel Discovery Responses (ECF No. 32). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

All three motions are intertwined. Defendant argues that Plaintiff's Initial Disclosures are deficient and that Plaintiff refuses to be deposed. Plaintiff's counsel asserts that Plaintiff will not appear for her deposition until Defendant responds to her discovery requests. Thus, Defendant moves to compel Plaintiff to attend her deposition and provide complete initial disclosures, and for

an extension of time to respond to Plaintiff's discovery requests, and Plaintiff moves to compel Defendant to respond to her discovery requests before she attends her deposition.

## II. PROCEDURAL HISTORY

The Court entered a Conference and Scheduling Order on December 12, 2017 (ECF No. 12), which provides that the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made no later than January 16, 2018.

On December 14, 2017, counsel for Defendant contacted counsel for Plaintiff requesting Plaintiff's availability for her deposition in this matter. On December 28, 2017, counsel for the Plaintiff confirmed that Plaintiff was available for her deposition on January 31, 2018. Emails (ECF No. 19-2).

On or about December 20, 2017, Plaintiff served the Defendant with a First Set of Interrogatories and Requests for Production of Documents. On January 3, 2018, Defendant requested a 30-day extension to respond to Plaintiff's Discovery Requests. On January 4, 2018, Plaintiff's counsel granted a 30-day extension, through and including February 20, 2018.

On January 22, 2018, counsel for the Defendant received a letter from Plaintiff's counsel noting that she had not received Defendant's discovery responses and stating "without receipt of your client's discovery responses, I will not allow you to take my client's deposition." She requested that the deposition be rescheduled until after February 20, 2018, when Defendant's discovery requests were due. On the same date, counsel for the Defendant responded indicating that it intended to move forward with Plaintiff's deposition on January 31, 2018. Letter (ECF No. 19-3).

On January 23, 2018, counsel for the Plaintiff sent correspondence to counsel for the Defendant indicating that "I nor will my client [sic] be present at the January 31, 2018 deposition" because "I will not allow you to take testimony from my client on January 31, 2018 or after until we

receive your discovery responses and have an opportunity to review such responses." Letter (ECF No. 19-3). On the same date, counsel for Defendant noted that Plaintiff had not served her initial disclosures and requested that she do so as soon as possible. Email (ECF No. 19-4).

On January 24, 2018, Defendant filed a Motion to Compel Plaintiff's Attendance at Deposition and Motion to Compel Plaintiff's Initial Disclosures (ECF No. 19). Plaintiff initially responded in a letter dated January 25, 2018 that was received by Defendant on January 29, 2018 in which Plaintiff confirmed that she would not attend the scheduled deposition and stated that she would seek sanctions against Defendant for filing its Motion to Compel. Letter (ECF No. 26-1).

The Court attempted to schedule a telephone conference with the parties. While the Court was attempting to schedule the hearing, Plaintiff's attorney contacted Defendant's attorney and agreed to promptly go forward with Plaintiff's deposition and agreed to provide Initial Disclosures. Counsel communicated this agreement to the court and a telephone conference was not scheduled. Following the oral agreement of the parties to move forward with the Plaintiff's deposition, it was scheduled by mutual agreement for February 6, 2018, at 10:00 a.m. at the Plaintiff's attorney's office. Amended Notice of Deposition (ECF No. 26-2).

On February 5, 2018, Plaintiff sent her Supplemental Initial Disclosures under Rule 26(a)(1) to counsel for Defendant. Supplemental Initial Disclosures (ECF. No. 26-3). Plaintiff listed two documents relevant to her claims and noted that she was in the process of gathering others. Plaintiff stated the documents would be provided in response to Defendant's Requests for Production. The initial disclosures do not include a computation of each category of damages. That same day, Plaintiff met with her counsel to prepare for the deposition, and during the meeting she began to feel sick and stated that she was going to the doctor.

Plaintiff contact her counsel on February 6, 2018, to inform her that she had been admitted

to the hospital. At 9:00 a.m. on February 6, 2018, counsel for Plaintiff called co-counsel for Defendant, Megan Stacy, to advise that Plaintiff would not be present for her deposition and had a medical issue. However, Mr. Sturges, who was driving from Charlotte, NC, did not learn of this until his arrival at Plaintiff's attorney's office in Columbia. Before Mr. Sturges left Plaintiff's counsel's office, he discussed with Plaintiff's counsel the need to reschedule the deposition and requested confirmation that Plaintiff's deposition would occur before Defendant had to respond to Plaintiff's discovery requests. Counsel for Defendant continued to attempt to reschedule Plaintiff's deposition via email. Emails (ECF 26-4, 26-5).

Having been unable to reschedule the deposition, Defendant filed a Supplemental Motion to Compel (ECF No. 26) on February 19, 2018. In that motion, Defendant also requested an extension of time to respond to Plaintiff's discovery requests, which were due February 20, 2018, until ten days after Plaintiff is deposed.

Plaintiff filed her Motion to Compel (ECF No. 32) on March 5, 2018, asking that the court compel Defendant to respond to Plaintiff's discovery requests within five days of the date of any such order.

Both parties request sanctions.

### III. DISCUSSION

#### A. Initial Disclosures

Parties are required to make certain initial disclosures without request from the opposing party near the beginning of the case. "The entire purpose of Rule 26(a)(1) is to provide for the disclosure of basic information needed in most every case in order to prepare for trial or make an informed decision as to settlement." Palacino v. Beech Mountain Resprt, Inc., No. 1:13CV334, 2015 WL 8731779, at *1 (W.D.N.C. Dec. 11, 2015) (citing Fed. R. Civ. P. 26(a) advisory

committee's note to 1993 amendment).

At issue in the present case are Plaintiff's responses to Fed.R.Civ.P. 26(a)(1)(A)(ii) and (iii).

Subsection (ii) requires

> a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed.R.Civ.P. 26(a)(1)(A)(ii). Plaintiff responded by stating

> The Plaintiff is in the process of gathering all relevant documents. All documents will be provided to Defendant after receipt of Defendant's First Set of Interrogatories and Production of Documents. Plaintiff reserves the right to supplement this list at a later time.
> –Involuntary Unemployment Claim Form
> –South Carolina Unemployment Determination

Plaintiff's Supplemental Initial Disclosures (ECF No. 26-3).

Defendant argues that this disclosure is "inadequate in that Plaintiff states that documents will not be provided to Defendant until after receipt of Defendant's responses to . . . Plaintiff's Discovery requests." Supp. Motion p. 2 (ECF No. 26). Plaintiff states that she will provide the documents "after receipt of Defendant's First Set of Interrogatories and Production of Documents." It is not entirely clear from this response whether she intends not to provide them until after Defendant <u>requests</u> them in its own discovery requests or whether she intends not to provide them until Defendant <u>responds</u> to Plaintiff's discovery requests. Nevertheless, Plaintiff is directed to supplement her response to subsection (ii) by providing "a copy--or a description" of all documents responsive to this rule.

Next, subsection (iii) of Rule 26(a)(1)(A) requires

> a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on

> which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed.R.Civ.P. 26(a)(1)(A)(iii). Plaintiff responded by stating,

> Plaintiff seeks compensatory, actual, and punitive damages for each Cause of Action contained herein in addition to attorney's fees. Plaintiff will further supplement this response as damages in this case are ongoing as the parties have not engaged in discovery.

Plaintiff's Supplemental Initial Disclosures (ECF No. 26-3). The rules provide that

> a party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures, or because another party has not made disclosures.

Fed.R.Civ.P. 26(a)(1)(E). Thus, Plaintiff is directed to supplement to her response to subsection (iii) to include a specific calculation for each category of damages based upon information "reasonably available" to Plaintiff at the time of her response.

### B. Plaintiff's Deposition and Defendant's Discovery Responses

Plaintiff and Defendant are in a battle of wills with respect to this discovery issue. Plaintiff refuses to give her deposition before Defendant serves its discovery responses, and Defendant refuses to serve its discovery responses until Plaintiff is deposed. Defendant argues that after the first Motion to Compel was filed, Plaintiff agreed to go forward with her deposition on February 6, 2018, prior to Defendant's production of discovery responses. The deposition did not go forward as scheduled, however, because Plaintiff was admitted to the hospital. Neither party has pointed to any rule or case law addressing the order in which discovery must be conducted. Defendant argues that Plaintiff agreed to be deposed prior to receipt of Defendant's discovery responses and, thus, that is how discovery should proceed.

Plaintiff is directed to give her deposition at a mutually agreeable time within forty-five days

of the date of this order. Defendant's counsel is directed to prepare responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents in advance of Plaintiff's deposition and to hand deliver its discovery responses to Plaintiff immediately following the deposition.

### C. Sanctions

Both parties seek sanctions in their motions but do not address the factors for the court to consider when deciding whether to award them. Federal Rule of Civil Procedure 37(d) provides for sanctions for various discovery violations. "The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir.1998). "The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Id. (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503–05 (4th Cir.1977)). Both parties have failed to show that sanctions are appropriate at this time.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Compel Plaintiff's Attendance at Deposition and to Produce Initial Disclosures (ECF No. 19) and Defendant's Supplemental Motion to Compel and for Extension of Time to Respond to Plaintiff's Discovery Requests (ECF No. 26) are **GRANTED** in part and **DENIED** in part as set forth above, and Plaintiff's Motion to Compel Discovery Responses (ECF No. 32) is **GRANTED** in part and **DENIED** in part as set forth above. The parties are directed to submit a proposed amended scheduling order within five days of the date of this order.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 25, 2018  
Florence, South Carolina